[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lisa Mierzwinski, has appealed the decision of the CT Page 3751 defendant, Department of Motor Vehicles, suspending her license for violation of General Statute 14-227a, operating while under the influence of alcohol.
On December 21, 1991, Lisa Mierzwinski, was taken into custody for allegedly operating a motor vehicle while under the influence of alcohol by the Connecticut State Police in Litchfield, Connecticut. The state police officer was dispatched to a one car accident at approximately 12:52 a.m. At the scene, the alleged operator, Ms. Mierzwinski, had to be extricated from the vehicle and was taken by ambulance to the hospital with head injuries and multiple contusions. No field sobriety tests were administered at the scene.
It must be assumed that any operation by the petitioner-appellant occurred prior to 12:52 a.m. However, it was not until after being released from the hospital, hours later, that the state police took her into custody and to the Litchfield Barracks. There, at 3:37 a.m. and 4:12 a.m. Ms. Mierzwinski submitted to two breath tests rendering results of .2.2 and .199, respectively.
On January 15, 1992, a hearing was held pursuant to Public Act 89-314 with respect to the suspension of Ms. Mierzwinski's license. At the hearing, the petitioner-appellant offered evidence of the lack of probable cause for her arrest. The petitioner-appellant also put into evidence as a full exhibits a report from Abraham Stolman, Ph.D., Chief Toxicologist, retired, State of Connecticut Department of Health Services, stated:
 such a broad time interval from the test period has no or little direct relationship to the blood alcohol value at the time of her vehicle operation.
 There are time limitations to the retro-grade extrapolation of the blood alcohol results to an earlier time frame. Within a time interval of 1 1/2 hours an extrapolation of two (2) test results have a probable significance and beyond that time interval the results of the extrapolation are reduced to the area of possibility or at best to mere speculation. CT Page 3752
The State at the hearing offered no evidence of retrograde extrapolation. Nonetheless, Ms. Merzwinski's license was ordered suspended by a decision of January 17, 1992. A petition for reconsideration was filed on January 20, 1992. That petition was denied by decision of January 27, 1992. This appeal followed.
Connecticut's "[p]er se drunk driving legislation provides that it is an offense (1) to drive a vehicle on a public highway, (2) while one's BAC content is .1 percent or more." State v, Geisler, 22 Conn. App. 142,160, cert. den., 215 Conn. 819 (1980). (emphasis in original). Similarly, Connecticut General Statutes 14-227b(c) applies only when "such test or analysis indicates that at the time of the alleged offense. . ." the person's BAC exceeded .1 percent. (emphasis added). Thus, it is axiomatic that, before a violation may be established, it must be shown that the accused's BAC exceeded .1 percent at the time of operation. Geisler, supra. at 159 et seq. As such, test results must be related back to the time of operation.
In the hearing on the plaintiff's appeal, the hearing officer presented no evidence of extrapolation to the time of the claimed operation. Likewise, she made no finding on the record as to what the appellant's blood alcohol level was at the time of the offense. The basis of her finding that the appellant had a BAC in excess of .1 percent at the time of operation was never disclosed on the record.
The decision in this case is governed by the opinion of the Appellate Court released April 14, 1992 in Marshall v. Del Ponte,27 Conn. App. 346 where at page 352, 353 the court held:
 The record of the suspension proceeding discloses no evidence supporting Carey's finding that the plaintiff's BAC was equal to or greater than 0.1 percent at the time of the offense. Although the record contains the results of two intoximeter tests administered after the alleged offense, it contains no extrapolation of those results back to the time of the offense.
 Similarly, the record does not indicate that Carey either relied on his own expertise in determining the plaintiff's BAC at the time of the alleged offense or attempted to take judicial notice of the plaintiff's BAC the time of the alleged offense. See General Statutes 4-178(6). Even if he had, General Statutes 4-178(7) prohibited him from relying on either his own expertise or on judicial notice unless he first notified the parties in a timely manner in order to afford them an opportunity to contest that material. See Feinson v. Conservation Commission, 180 Conn. 421, 28-29, 429 A.2d 910 (1980). Thus, even assuming, without deciding, that extrapolation back of BAC data falls within the rubric of General Statutes 4-178(6), such extrapolation back cannot support the defendant's decision in this case because Carey CT Page 3753 failed to advise the parties of his intent to rely on either his special expertise or judicial notice.
 The record discloses no evidence on which Carey reasonably could have found that the plaintiff's BAC at the time of the alleged offense was equal to or greater than 0.1 percent. Further, Carey failed to apprise the parties of his intent to rely on either his own expertise or judicial notice to establish the plaintiff's BAC at the time of the alleged offense. As a result, the evidence presented at the suspension hearing was insufficient to justify suspending the plaintiff's driver's license under General Statutes 14-227b.
Based upon the authority of Marshall, the court finds that the decision suspending the appellant's license was clearly erroneous and was arbitrary, constituting an abuse of the defendant's discretion. See, General Statutes 4-183(j), (5) and (6). Accordingly, the appeal is sustained,
PICKETT, JUDGE